# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Appellee,<br>vs.<br><br>JEREMY P. BENDIXEN,<br><br>    Defendant/Appellant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CR520 DAK |

  This matter is before the court on (1) Mr. Bendixen's appeal of the Magistrate Judge's finding of guilt on two misdemeanor citations, and (2) a motion to intervene and file an amicus brief, filed by Wayne Crawford.

  On July 16, 2009, the Magistrate Judge held a bench trial regarding three citations issued to Defendant: F3829517 (giving false information to a forest officer); F3829518 (using of National Forest without a permit); and F3829519 (using a prohibited vehicle offroad). At the conclusion of the trial, the Magistrate Judge dismissed the F3829517 citation and found Defendant guilty on the two other citations. Based on these convictions, Defendant was ordered to pay two $150 fines, along with the regular $25 surcharge on each fine, for a total fine of $350.

  Defendant now appeals these convictions. The United States Magistrate Judge had original jurisdiction over this action, a Class B Misdemeanor, pursuant to 18 U.S.C. § 3401. Therefore, this court has jurisdiction over the appeal pursuant to Federal Rules of

Criminal Procedure 58(g)(2)(B) and (D) and Local Criminal Rule 58.2. "The scope of appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); DUCrimR 58.2   Thus, in an appeal from a bench trial, this court reviews the Magistrate Judge's factual findings for clear error and its legal conclusions de novo. *See Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1183 (10th Cir. 2009); *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1260 (10th Cir. 2007). A finding of fact is "clearly erroneous" if it is without factual support in the record or if, after reviewing all the evidence, the court is left with a definite and firm conviction that a mistake has been made. *See id*. In conducting this review, the court views the evidence in the light most favorable to the Magistrate Judge's ruling and must uphold any finding that is permissible in light of the evidence." *Id*.

Having reviewed the entire transcript of the July 16, 2009 bench trial and the briefs submitted by the parties, the court affirms the Magistrate Judge's conviction of Defendant on both citations.

Regarding Mr. Crawford's request to intervene so that he may file an amicus brief, the court denies the request. Mr. Crawford has failed to explain how filing of an amicus brief would be relevant in any way. He is not a defendant in this case, nor was he a witness to the events in question. The court is aware of Mr. Crawford's position

regarding Cardiff Fork Road and his failed attempts to acquire title of the Cardiff Fork Road.[1] To simply re-argue the same position would serve no purpose in this case, and thus his motion is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Magistrate Judge's conviction of Defendant on citations F3829518 (using of National Forest without a permit); and F3829519 (using a prohibited vehicle offroad) are AFFIRMED. Mr. Crawford's Motion to Intervene is DENIED. The Clerk of Court is directed to close this case.

DATED this 23rd day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] *See Crawford v. USDA Forest Service*, 2:07CV146 PGC, Order Dismissing Case, Docket #2; *Crawford v. Salt Lake County et al.*, 2:06CV106 PGC, Order Adopting Report and Recommendations, Docket #48.